**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-3546
_____

JONATHAN D. BLECHER; ALAN P. BLECHER
Appellants

v.

PROGRESSIVE CASUALTY INSURANCE CO.; PROGRESSIVE SELECT
INSURANCE CO.; THE PROGRESSIVE CORP.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:25-cv-04448)
District Judge:  Honorable Gerald J. Pappert

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 17, 2026
Before: BIBAS, CHUNG, and BOVE, *Circuit Judges*

(Opinion filed: July 20, 2026)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellants Alan P. Blecher and Jonathan D. Blecher ("the Blechers"), who are both attorneys, appeal from the District Court's dismissal of their amended complaint. We will modify the District Court's judgment and affirm that judgment as modified.

I.

In October 2024, Alan Blecher applied for a car insurance policy underwritten by Progressive Select Insurance Company ("Progressive Select"). In his application, he listed a Florida address and stated that the insured car was garaged within a Florida zip code more than 50% of the time. While the Blechers stated in their amended complaint that Alan intended to move to Florida, he had not done so by April 2025 when the car was stolen in Philadelphia. The Blechers then filed an insurance claim. After Progressive Casualty Insurance Company ("Progressive Casualty") investigated their claim, it was denied for "Fraud and Misrepresentation at the time of policy inception" because "the vehicle was never garaged in Florida and was garaged in Pennsylvania over 50% of the time since policy inception." Progressive Select, Progressive Casualty, and the Progressive Corporation ("Progressive") (together, "the appellees") also reported the Blechers to the Pennsylvania Attorney General for fraud.

The Blechers then brought suit in the United States District Court for the Eastern District of Pennsylvania. In their amended complaint, the Blechers sued the appellees for breach of contract, bad faith, and defamation. They also sought a declaratory judgment.

2

The District Court dismissed the Blechers' amended complaint with prejudice for lack of personal jurisdiction (as to Progressive Select only) and for failure to state a claim. This timely appeal followed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal of the Blechers' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 206 (3d Cir. 2009). Dismissal is appropriate "if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that [the] plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011). We review a district court's decision with respect to personal jurisdiction de novo. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004). We may affirm on any basis supported by the record. *See Fairview Township v. EPA*, 773 F.2d 517, 525 n.15 (3d Cir. 1985).

## III.

On appeal, the Blechers challenge the District Court's ruling on specific personal jurisdiction.[1] In determining whether there is specific personal jurisdiction, we traditionally undertake a three-part inquiry. First, the defendant must have "purposefully

---

[1] The Blechers did not appeal the District Court's determination that general personal jurisdiction did not apply or the denial of their request for a declaratory judgment. We deem those claims to be forfeited. *See In re Wettach*, 811 F.3d 99, 115 (3d Cir. 2016) (explaining that any issue that an appellant fails to develop in an opening brief is forfeited).

directed [its] activities" at the forum. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985) (internal quotation omitted). Second, the litigation must "arise out of or relate to" at least one of those activities. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). And third, if the first two requirements have been met, a court may consider whether the exercise of jurisdiction otherwise "comport[s] with 'fair play and substantial justice.'" *Burger King,* 471 U.S. at 476 (internal quotation omitted). Where, as here, a defendant challenges a court's exercise of personal jurisdiction, the plaintiff bears the burden of establishing personal jurisdiction. *Marten v. Godwin*, 499 F.3d 290, 295–96 (3d Cir. 2007).

As the District Court explained, the Blechers have not shown how Progressive Select "purposefully directed" its activities to Pennsylvania. Issuing a Florida automobile policy to applicants who provided a Florida address and affirmed that the automobile in question would be garaged in Florida at least half the time did not create the requisite contact with Pennsylvania. The Blechers invoke the fact that that the appellees made a report of fraud to the Pennsylvania Attorney General but do not sufficiently explain how this was a direction of activity towards Pennsylvania rather than a reaction after being drawn to the Commonwealth. The Blechers also allege that Progressive Casualty investigated the claim. But, again, the Blechers do not provide anything other than conclusory statements regarding how that post hoc investigation by another entity creates specific personal jurisdiction over Progressive Select.[2]

---

[2] On appeal, the Blechers also invoke a forum selection clause in the insurance policy, which is based on "where the person seeking coverage from this policy lived at the time

4

The Blechers also cited the *Calder v. Jones* "effects test" to show personal jurisdiction. 465 U.S. 783, 789–90 (1984). Under this test, a plaintiff can demonstrate personal jurisdiction by showing:

> (1) The defendant committed an intentional tort;
> (2) The plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort;
> (3) The defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity.

*Marten v. Godwin*, 499 F.3d 290, 297 (3d Cir. 2007).

However, *Calder* does not apply here. As we explain below, we agree with the District Court that the Blechers failed to state a claim of defamation against Progressive and Progressive Casualty. Our reasoning also applies to Progressive Select, as the facts the Blechers alleged as to defamation was the same for all Appellees. The same is also true of the Blechers' bad faith claims.

Accordingly, it was appropriate to dismiss Progressive Select for lack of personal jurisdiction.

## IV.

The Blechers argue that the District Court erred in dismissing their bad faith and breach of contract claims against Progressive Casualty and Progressive on the basis of contractual privity. They also complain that the District Court disregarded Pennsylvania's

---

of the accident." ECF No. 10-2 at 61; C.A. No. 11 at 28. But in the District Court the Blechers argued that the forum selection clause is, by its own plain language, "[i]napplicable." ECF No. 14 at 27–28. They cannot now claim that the District Court erred in not relying on that clause to find personal jurisdiction.

participation theory, ignored that they pled that Progressive Casualty was liable through assignment of duties under the contract or the contract itself, and resolved agency questions without permitting discovery. They also argue that Progressive controlled policies and allowed claim assignment.

We agree with the District Court that the Belchers have not sufficiently alleged that Progressive Casualty owed them a contractual obligation. The Belchers argue that a party to whom contractual duties have been delegated can be sued for breach. Even if Progressive Select had delegated duties to Progressive Casualty under the insurance policy, this would not have created a de facto contractual obligation between Progressive Casualty and the Blechers. *Hudock v. Donegal Mut. Ins. Co.*, 264 A.2d 668, 672 (Pa. 1970) (holding that any delegation of duties by insurance companies under insurance contracts to adjusters created a duty between the insurance companies and adjusters but did not create a contract between the adjusters and the insureds). As the District Court correctly pointed out, without a contractual relationship, Progressive Casualty cannot be liable for breach of contract. *See id.* (noting that without a contractual relationship, breach of contract is "impossible").

We also agree that, to the extent that the Blechers appeal the dismissal of their breach of contract as to Progressive, they fail to state a claim. They allege that Progressive controlled "policies" but fail to plead how that made Progressive liable. They do not sufficiently explain what "policies" were in force or how they were used; the Blechers simply provide a cursory reference to the existence of "policies." They also state that Progressive entities stopped the claims process so the appellants could

6

determine where to assign the claim handling. These conclusory allegations are not sufficient to state a claim for relief against Progressive. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (requiring a complaint to include "enough facts to state a claim to relief that is plausible on its face").

To prevail on a claim of bad faith under Section 8371, the Blechers would have to show, by clear and convincing evidence, "(1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew of or recklessly disregarded its lack of a reasonable basis." *Rancosky v. Washington Nat'l Ins. Co.*, 170 A.3d 364, 365 (Pa. 2017). The District Court dismissed the bad faith claims against Progressive Casualty and Progressive because the Blechers failed to show that they were their insurers. Furthermore, even if Progressive or Progressive Casualty was their insurer, the Blechers have not shown that any of the Progressive entities had no reasonable basis to deny coverage.[3]

## V.

The Blechers argued that the appellees defamed them by reporting them for fraud to the Pennsylvania Attorney General and by possibly discussing fraud allegations internally. The District Court dismissed the Blechers' defamation claim because reports to law enforcement enjoy absolute privilege.

---

[3] The Blechers argue that the District Court ignored their "participation theory" argument under *Wicks v. Milzoco Builders, Inc.*, 470 A.2d 86 (Pa. 1983). However, the theory articulates that "an officer of a corporation who takes part in the commission of a tort by the corporation is personally liable therefor." *Id.* at 90 (internal citation omitted). The Blechers neither brought an action against a corporate officer nor showed a tort occurred, so this theory is inapplicable.

Reports made to a law enforcement agency, such as the Attorney General, for the purpose of instigating charges are covered by the absolute privilege. *Pawlowski v. Smorto*, 588 A.2d 36, 40 (Pa. Super. Ct. 1991) (holding that statements made to the District Attorney and State Police were absolutely privileged); *Marino v. Fava*, 915 A.2d 121, 123 (Pa. Super. Ct. 2006) (reaffirming *Pawlowski*).[4] The Blechers assert that malice motivated the referral to the Attorney General. Even if that were true, the privilege is absolute. *Marino*, 915 A.2d at 123 ("[T]he existence of the privilege does not depend upon the motive of the defendant in making the allegedly defamatory statement. The privilege is absolute and cannot be destroyed by abuse."); *Pawlowski*, 588 A.2d at 42 ("Although such statements may ultimately prove to be false or maliciously motivated… such statements are deemed to be absolutely privileged.").

The Blechers argue that this privilege has been overridden by statute, but the two statutes they invoke do no such thing. One statute, 40 P.S. 474.1, states that "[n]othing in this section is intended to abrogate or modify a common law or statutory immunity heretofore enjoyed by any person.". The other does not apply on its face. 75 Pa. C.S. § 1795(a)(1) (narrowing application to allegations of fraud relating to claims for "bodily injury or property damage").

The Blechers also allege that it was "more than plausible" that accusations of fraud and misrepresentation were communicated between the appellees and unnamed third party entities as a part of the reporting process to the Pennsylvania Attorney

---

[4] The Blechers' arguments in this regard misread *Marino* and *Pawlowski*.

General.  Even if any such statements were not absolutely privileged, the Blechers have not proven that any internal publication occurred.  *See* 42 Pa.C.S. § 8343(a)(2) (requiring that the plaintiff prove publication by the defendant).

## VI.

In view of the above, we will (1) modify the District Court's judgment so that its dismissal of Progressive Select is without prejudice, *see EF Operating Corp. v. Am. Bldgs.*, 993 F.2d 1046, 1048–49 (3d Cir. 1993) (explaining that dismissal for lack of personal jurisdiction is without prejudice), and (2) affirm that judgment as modified.